NOT DESIGNATED FOR PUBLICATION

No. 123,316

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KARL VAN NICE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Opinion filed March 25, 2022. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general attorney, for appellee.

Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: A jury convicted Karl Van Nice of one count of aggravated indecent liberties with a child who was more than 14 years of age but less than 16 years of age, two counts of rape, and one count of aggravated sexual battery. After he filed this appeal, Van Nice died. Even so, we will consider his challenge to the sufficiency of the evidence on the merits because—if he were correct—it could lead to a reversal of his convictions because it could potentially lead to his exoneration. Nevertheless, after a thorough review of the record on appeal, we find sufficient evidence to support the jury's verdict on all four convictions. Thus, we affirm.

1

FACTS

The parties and their attorneys are familiar with the facts of this case. As a result, it is unnecessary to discuss them in detail in this opinion. Instead, we will summarize the facts in this section and refer to specific facts as necessary that are material to the issues presented in the analysis section.

The minor victim in this case is a female born in 1999. In October 2016, she told a coworker that she had been molested by Van Nice–who resided with her family—for about 10 years. In turn, the coworker reported the abuse to law enforcement. The minor victim was then removed from her home and placed in foster care.

During a forensic interview with the program director at the Child Advocacy Center in Great Bend, the minor victim stated that Van Nice began abusing her when she was 4 or 5 years old. She also stated that the abuse continued until she was 16 years old. In addition, the minor victim provided details about numerous incidents of abuse allegedly committed by Van Nice over the years.

According to the minor victim, the abuse occurred often, sometimes every day or every other day. During the interview, the director of the Child Advocacy Center drew a diagram reflecting the alleged incidents of abuse that included a timeline of the allegations. This diagram was later admitted into evidence at trial. The forensic interview was also recorded, and the recording was also admitted into evidence at trial and played for the jury.

Evidently, Van Nice moved out of state and no charges were filed against him at that time. However, in 2018, the Kansas Bureau of Investigation became involved in the investigation and charges were filed on March 24, 2019. Specifically, the State charged Van Nice with two counts of aggravated indecent liberties with a child more than 14

years of age but less than 16 years of age and two counts of rape. A few months later, the complaint was amended to include a charge of aggravated sexual battery.

The district court held a three-day jury trial beginning February 18, 2020. Before submission of the case to the jury, the district court dismissed one of the counts of aggravated indecent liberties with a child more than 14 years of age but less than 16 years of age. Moreover, during closing argument, the prosecutor elected which acts went with each of the remaining charges. Following deliberation, the jury found Van Nice guilty of all the charges that were submitted for consideration.

After the district court denied a motion for new trial filed by Van Nice, it sentenced him to a controlling term of 481 months in prison. Although Van Nice filed a timely notice of appeal, he died on November 30, 2020. In light of the issues presented, we retained the appeal under the guidance provided by the Kansas Supreme Court in *State v. Belt*, 305 Kan. 381, 382, 381 P.3d 473 (2016), and *State v. Hollister*, 300 Kan. 458, 458-59, 329 P.3d 1220 (2014).

ANALYSIS

*Standard of Review*

In considering a challenge to the sufficiency of the evidence, "'we review the evidence in a light most favorable to the State to determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.' [Citations omitted.]" *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021). Also, we exercise unlimited review of any statutory interpretation involved in resolving the issues raised. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021).

*Aggravated Indecent Liberties with a Child*

On appeal, counsel for Van Nice first contends the State failed to present sufficient evidence to establish that he acted with the specific intent to arouse when he kissed the minor victim. Consistent with K.S.A. 2015 Supp. 21-5506(b)(2)(A), the jury was instructed that it could convict Van Nice of aggravated indecent liberties with a child if the State proved:

> "1. The defendant engaged in lewd fondling or touching of [the minor].
> "2. The defendant intended to arouse or satisfy the sexual desires of [the minor], the defendant, or both.
> "3. At the time of the act, [the minor] was 14 or 15 years old. The State need not prove the defendant knew the child's age.
> "4. [The minor] did not consent to the fondling or touching.
> "5. The act occurred on or between about September 1, 2015, to October 21, 2015, in Ellsworth County, Kansas."

The jury was also instructed that "[l]ewd fondling or touching means fondling or touching in a manner which tends to undermine the morals of a child and is so clearly offensive as to outrage the moral senses of a reasonable person."

In *State v. Ta*, 296 Kan. 230, Syl. ¶ 5, 290 P.3d 652 (2012), the Kansas Supreme Court provided the following guidance:

> "[W]hether a touching or fondling is lewd should be determined by considering the common meaning of the term 'lewd,' that is whether a touching is sexually unchaste or licentious; suggestive of or tending to moral looseness; inciting to sensual desire or imagination; or indecent, obscene, or salacious. In considering if a touching meets this definition, a factfinder should consider whether the touching tends to undermine the morals of a child and is so clearly offensive as to outrage the moral senses of a reasonable person."

In *State v. Rutherford*, 39 Kan. App. 2d 767, 776, 184 P.3d 959 (2008), our court found that whether a touching is lewd depends on the totality of the circumstances and is a question of fact for the jury. In *Rutherford*, our court also found that the intent to arouse can be shown by circumstantial evidence. 39 Kan. App. 2d at 776. The panel in *Rutherford* found that there was sufficient evidence in the record relating to the defendant kissing a minor victim in a manner that a reasonable person could conclude was done with the intent to arouse or to satisfy sexual desires. 39 Kan. App. 2d at 777. Similarly, in *State v. Stout*, 34 Kan. App. 2d 83, Syl. ¶ 2, 114 P.3d 989 (2005), this court found that a kiss using the tongue is the type of touching that may reasonably considered to be lewd under the totality of the circumstances.

Of course, as our Supreme Court has held, circumstantial evidence need not reach a degree of certainty that excludes any and every other reasonable conclusion. Instead, circumstantial evidence gives a basis for reasonable inference by the jury about a fact at issue. *State v. Colson*, 312 Kan. 739, 749-50, 480 P.3d 167 (2021). Circumstances showing sexual intent may include but are not limited to: (1) a pattern or history of touching over time; (2) the places on the body touched; (3) the nature of the touching; (4) the defendant's consciousness of guilt; (5) a desire for secrecy; and (6) the isolation of the victim. See *State v. Reed*, 300 Kan. 494, 503, 332 P.3d 172 (2014) (evaluating evidence of these factors); *State v. Clark*, 298 Kan. 843, 850, 317 P.3d 776 (2014) (list of nonexclusive factors). Here, we find that a review of the record on appeal reveals sufficient evidence upon which a reasonable person could conclude that Van Nice intended to arouse or satisfy the sexual desires of the minor victim, himself, or both when he kissed her using his tongue.

There is evidence in the record that the Van Nice sexually abused the minor victim for more than 10 years. So, there is evidence of a pattern or history of sexual touching over time. As for the nature of the touching, there is evidence in the record that Van Nice used his tongue in kissing the minor victim. Certainly, a reasonable person could

5

conclude that an adult male using his tongue to kiss a minor victim is intended to arouse or satisfy sexual desire. There is also evidence in the record that Van Nice often touched the minor victim inappropriately and that such touching was sexual in nature. Additionally, there is evidence that Van Nice kissed and touched the minor victim when they were alone—which suggests a desire for secrecy. Regarding the isolation of the victim, there is evidence in the record that the minor victim lived in the same residence with Van Nice and viewed him as her stepfather. Moreover, she was homeschooled and Van Nice served as one of her learning coaches. Finally, there is evidence in the record that the specific incident supporting Van Nice's conviction for aggravated indecent liberties occurred when he was alone with the minor victim in the basement.

Based on our review of the evidence in the record in the light most favorable to the State, we find that there is sufficient evidence upon which a reasonable person could conclude that Van Nice acted with the specific intent to arouse his or the minor victim's sexual desires when he kissed her by placing his tongue in her mouth. Likewise, the record reflects that the jury considered the evidence presented at trial and found the minor's version of the events to be credible. Accordingly, we conclude there was sufficient evidence presented by the State upon which the jury could find beyond a reasonable doubt that Van Nice was guilty of aggravated indecent liberties of a child who was more than 14 years of age but less than 16 years of age.

*Rape and Sexual Battery*

Next, counsel for Van Nice contends that the State failed to prove that the minor victim was "overcome by force or fear" when raped and during the incident of aggravated sexual battery count. Both rape and aggravated sexual battery require that the relevant acts occur with someone "who does not consent" and who is "overcome by force or fear." K.S.A. 2015 Supp. 21-5503(a)(1)(A) and K.S.A. 2015 Supp. 21-5505(b)(1). Once again, we consider both direct evidence and circumstantial evidence in determining whether

6

each element of the crimes are supported by sufficient evidence. See *State v. Colson*, 312 Kan. at 749-50.

Under K.S.A. 2015 Supp. 21-5503(a)(1)(A), the State must prove that a defendant "[k]nowingly engag[ed] in sexual intercourse with a victim who does not consent" when the victim "is overcome by force or fear." It is important to recognize that Van Nice does not contest that digital penetration constitutes sexual intercourse under Kansas law. See K.S.A. 2015 Supp. 21-5501(a). Rather, he simply argues that the minor victim was not overcome by force or fear when these incidents occurred.

Consistent with the statute, the district court instructed the jury that it could convict Van Nice of rape if the State proved:

"1. The defendant knowingly engaged in sexual intercourse with [the minor].

"2. [The minor] did not consent to sexual intercourse.

"3. The sexual intercourse occurred under circumstances when [the minor] was overcome by force or fear.

"4. This act occurred on or between about November 1, 2015, to December 31, 2015 in Ellsworth County, Kansas."

This jury instruction for the second count of rape was identical except for the date, which stated the act occurred on or about January 25, 2016.

The State also charged Van Nice with aggravated sexual battery under K.S.A. 2015 Supp. 21-5505(b)(1), which also requires that the State prove that a defendant committed a sexual battery when the victim "is overcome by force of fear." Consistent with the statute, the district court instructed the jury that it could convict Van Nice of aggravated sexual battery if the State proved:

7

"1. The defendant touched [the minor] with the intent to arouse or satisfy the sexual desire of the defendant or another.

"2. At the time of the touching, [the minor] was 16 or more years old.

"3. That the touching was committed without the consent of [the minor] under circumstances when she was overcome by force or fear.

"4. This act occurred on or between about November 1, 2015, to December 31, 2015, in Ellsworth County, Kansas."

The Kansas Supreme Court has recognized that "force or fear" is a "highly subjective concept that does not lend itself to definition as a matter of law." *State v. Tully*, 293 Kan. 176, Syl. ¶ 12, 262 P.3d 314 (2011). The concept of fear is subjective because "[w]hat renders one person immobilized by fear may not frighten another at all." *State v. Borthwick*, 255 Kan. 899, Syl. ¶ 6, 880 P.2d 1261 (1994).

Related to force, the Kansas Supreme Court has stated:

"The 'force' required to sustain a rape conviction in this state does not require that a rape victim resist to the point of becoming the victim of other crimes such as battery or aggravated assault. K.S.A. 21-3502 [now K.S.A. 2020 Supp. 21-5503] does not require the State to prove that a rape victim told the offender she did not consent, physically resisted the offender, and then endured sexual intercourse against her will. It does not require that a victim be physically overcome by force in the form of a beating or physical restraint. It requires only a finding that she did not give her consent and that the victim was overcome by force or fear to facilitate the sexual intercourse." 255 Kan. at 914.

In addition, our Supreme Court has found that "'overcome'" means "'to get the better of'" and "'to affect or influence so strongly as to make physically helpless or emotionally distraught.'" *State v. Brooks*, 298 Kan. 672, 691, 317 P.3d 54 (2014) (quoting from Webster's Third New World International Dictionary 1607 [1993]). In other words, "'overcome'" is synonymous with the terms overpower, conquer, and subdue. 298 Kan. at 691.

8

A review of the record reveals that there is evidence of Van Nice being sexually abused by Van Nice for many years. She testified that these incidents went on so long that she had "given up hope of him stopping. And when I was younger I used to say stop or, you know, try to shove him away. But it—at that point I just gave up." She further testified that she felt powerless to stop the abuse. According to the minor victim, although Van Nice never threatened her, he told her that others "probably wouldn't believe [her]" if she reported the abuse.

There is also evidence in the record that the minor victim told the director of the Child Advocacy Center that when the abuse was taking place, she "felt like I couldn't speak. I would just sit there and try not to participate at all." She also testified that remembering the abuse gives her "nightmares." During her forensic interview, the minor victim used terms like "force" and he "made me" when talking about being sexually abused by Van Nice. She explained that she felt as though she "couldn't speak" when the abuse occurred.

In addition, a co-worker testified:

> "[The minor victim] said she already told her mom and her mom didn't do anything. I think she maybe even got in trouble, and they just swept it under the rug, because her stepdad owned the properties that the grandma, the aunt, their—the home that the mother lived in, he owned those properties. And if they did anything about it, they would lose their homes. So the mother didn't want to press charges or pursue anything."

In *State v. Borthwick*, the Kansas Supreme Court analyzed a case in which a victim did not actively resist the sexual contact. Even though the victim in *Borthwick* testified that the defendant did not "force her in any fashion and that he did not threaten her," the court found that the evidence was sufficient to establish that she was overcome by both force and fear. 255 Kan. at 903. Significantly, our Supreme Court held that the

reasonableness or existence of the fear is a question for the factfinder. 255 Kan. at 913-14. See also *State v. Bishop*, No. 118,896, 2019 WL 2398044, *1, 7-11 (Kan. Ap. 2019) (unpublished opinion) (finding sufficient evidence that the victim was overcome by force or fear based on being afraid that the defendant would end his relationship with her mother and leave the family if she did not agree to his demands).

Here, a review of the record reveals that the State presented evidence that the minor victim expressed fear that she would lose her home and her family if she reported that Van Nice was sexually abusing her. As discussed above, when speaking about the abuse to the director of the Child Advocacy Center, the minor used words like "forced" and he "made me" in describing the abuse. In addition, the minor testified that she felt powerless and that she felt there was nothing she could do to stop the abuse. Also, there is evidence in the record of the minor telling a friend that she did not want to report the abuse to authorities because she did not want to lose her home or her family.

Based on this evidence, we find a reasonable person could conclude that the minor victim was overcome by force or fear both when she was raped and during the incident of sexual battery count. Specifically, in reviewing the evidence presented at trial—as well as the reasonable inferences to be drawn from that evidence—in the light most favorable to the State, we find that it was sufficient to support the "overcome by force or fear" element for each charge. We therefore conclude that the State presented sufficient evidence upon which the jury could determine that Van Nice was guilty beyond a reasonable doubt of both counts of rape and of one count of aggravated sexual battery.

Affirmed.